## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CRIMINAL ACTION** |
| **v.** | ) | |
| | ) | **No. 06-20047-03-CM** |
| | ) | |
| **TERRY J. McINTYRE, JR.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>MEMORANDUM AND ORDER</u>

On December 16, 2008, a jury convicted defendant Terry J. McIntyre, Jr., of nine of ten counts against him in the Third Superseding Indictment.  (Doc. 399.)  These convictions included conspiracy to manufacture, distribute and possess with intent to distribute more than fifty grams of cocaine base, or "crack" cocaine; distribution of cocaine base "crack"; possession with intent to distribute cocaine; felon in possession of a firearm; possession of a firearm during and in relation to and in furtherance of a drug trafficking crime; and use of a communication device to facilitate drug trafficking.  The jury found defendant not guilty of one felon in possession of a firearm count.  The matter is now before the court on Defendant's Motion for a New Trial (Doc. 401).

In considering a motion for new trial, the court has broad discretion, which will not be disturbed on appeal absent plain abuse of that discretion.  *United States v. Troutman*, 814 F.2d 1428, 1455 (10th Cir. 1987).  The standards for granting a new trial are not as strict as the standards for granting judgment of acquittal.  Federal Rule of Criminal Procedure 33 provides that a court may grant a new trial "if the interest of justice so requires."  Additionally, any error that would require reversal on appeal is a sufficient basis for granting a new trial.  *United States v. Walters*, 89 F. Supp.

2d 1206, 1213 (D. Kan. 2000) (quotation and citation omitted).  But courts disfavor new trials, *United States v. Gleeson*, 411 F.2d 1091, 1093 (10th Cir. 1969), and exercise great caution in granting them, *United States v. Sinclair*, 109 F.3d 1527, 1531 (10th Cir. 1997).  The burden of proving that a new trial is warranted rests on the defendant.  *Walters*, 89 F. Supp. 2d at 1213 (citations omitted).

Defendant makes four arguments in support of his motion for a new trial: (1) the district court erred in denying defendant's motion to suppress evidence relating to a September 28, 2005 traffic stop, which formed the basis for convictions on Counts 12, 13, 14, and 15; (2) defendant was unduly prejudiced by his joinder with codefendants Johnnie and Zachary Williams at trial; (3) the failure of government witnesses to identify defendant McIntyre at trial merits a new trial; and (4) the convictions were based on insufficient evidence or were against the weight of evidence adduced at trial.

**A.      Suppression of Evidence Related to Traffic Stop**

In the early morning of September 28, 2005, a car in which defendant Terry J. McIntyre, Jr., was a passenger was pulled over in Lawrence, Kansas.  According to Officer Bronson Star, who made the stop, the car had been driving slowly with its lights off through a hotel parking lot for several seconds.  After Officer Star turned around to investigate, he saw the same car pulling onto the street with its lights on.  Based on this suspicious activity, and concerned that the occupants might be involved in auto burglaries, the officer stopped the car.  During the stop, the officer saw what he believed was crack cocaine on the seat between defendant's legs.  After another officer arrived, defendant was ordered out of the vehicle.  In defendant's pants pockets, the officers found a loaded gun, a chunky white rock in a plastic baggie, an empty plastic baggie, and $620 in cash.  In

the car, the officers found a digital scale and baggies containing a chunky white substance that later tested positive for cocaine.  Defendant told police that everything in the car was his except for the money, which he said belonged to the driver, Amesia Thomas.

Defendant sought to suppress the statements he made during the stop and the evidence seized, arguing that the officer lacked reasonable suspicion to make the stop.  The court denied his motion at a hearing held June 8, 2008, but defendant renews his arguments in this motion for a new trial, noting that four of the counts for which he was found guilty were based upon evidence related to the traffic stop.

In denying defendant's motion to suppress, the court found that Officer Star acted reasonably in stopping defendant, given the totality of the circumstances.[1]  As this court noted in *United States v. Burnett*, 240 F. Supp. 2d 1183, 1189–93 (D. Kan. 2002), although activity in a parking lot "certainly may be consistent with several innocent explanations . . . officers are permitted to draw inferences and make deductions that might well elude an untrained person" when formulating reasonable suspicion.  Officer Star testified that, based on the time of night, prior criminal activity associated with that area, and the vehicle's suspicious activity—driving slowly through the parking lot with its lights off—he believed criminal activity was afoot.  The government demonstrated that Officer Star had an objectively reasonable basis for suspecting that the vehicle was involved in criminal activity.  The evidentiary rulings were proper, and defendant is not entitled to a new trial on

---

[1] In evaluating the constitutionality of a stop under the principles of *Terry v. Ohio*, 392 U.S. 1 (1968), the officer must have reasonable suspicion that "criminal activity may be afoot."  392 U.S. at 30.  In determining the existence of an objectively reasonable suspicion of criminal activity, the court examines the totality of the circumstances by using common sense, ordinary experience, and deference to a law enforcement officer's ability to distinguish between innocent and suspicious actions.  However, reasonable suspicion cannot be based on inchoate suspicions or unparticularized hunches.  *Id*. at 27.

this ground.

**B.    Joinder**

Defendant filed a pretrial Motion in Opposition to Government's Motion for Joinder (Doc. 341), which this court denied at a hearing on October 2, 2008.  Defendant McIntyre reasserts his opposition to joinder, arguing that the court's ruling allowing joinder was improper, and resulted in unduly prejudicing him at trial.  He suggests that, because the weight of evidence in the case pertained to his codefendant, Johnnie Williams, the jury may have assumed that Mr. McIntyre was guilty by association.  Absent any evidence suggesting the jury did so, this court rejects Mr. McIntyre's invitation to presume that the jury did not follow its instructions, or that the jurors did not uphold their oath to presume the innocence of the defendants and to evaluate only the evidence presented at trial.  Moreover, the court is not persuaded that joinder with a codefendant who is allegedly more culpable than the defendant is necessarily prejudicial.

Federal Rule of Criminal Procedure 8(b) states that the indictment or information may charge two or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses.  Courts have repeatedly noted that there is a strong preference in the federal system for joint trials, *Zafiro v. United States*, 506 U.S. 534, 537 (1993), and a defendant does not have a right to a separate trial.  *United States v. Cardall*, 885 F.2d 656, 667 (10th Cir. 1989).  However, this court is cognizant of its continuing duty to ensure that a defendant is not prejudiced at trial, even if joinder was initially proper.  *Schaffer v. United States*, 362 U.S. 511, 516 (1960).

When determining whether joinder is appropriate, this court accepts the factual allegations of the indictment as true.  There was substantial overlap in the evidence to be proved for each of the defendants.  The court is not convinced, based on statements made at the prior trial, at this trial, or

-4-

on present showing, that the defenses were so antagonistic as to be mutually exclusive.  The reasons that necessitated this court's severance of defendant McIntyre at the first trial were no longer present.  The court finds that joinder did not prejudice defendant in this case.  Additionally, any potential prejudice was far outweighed by considerations of economy and expedition in judicial administration, particularly under the circumstances of this case.  *United States v. Pursley*, 474 F.3d 757 (10th Cir. 2007).  Defendant's motion for new trial based on prejudice resulting from joinder is denied.

**C.      Witness Identification**

Defendant argues that he should be granted a new trial based on lack of in-court identifications of him.  He argues that the government failed to adequately have witnesses identify him in person in the courtroom as being involved in the conduct they testified to.  In particular, or by way of example, defendant faults the government for failing to have its confidential informant point out or look to defendant at any point in his testimony, despite the fact that he testified concerning defendant's involvement in at least one controlled buy.

Defendant directs the court to *United States v. Robinson*, 430 F.3d 537, 543 (2nd Cir. 2005), for the proposition that lack of witness identification is a valid basis for granting a new trial.  The court finds *Robinson* distinguishable.  In that case, the victim's identification of defendant Robinson as the shooter was seriously impeached, particularly since the victim had twice told police that he did not know who his assailant was; he never saw defendant with a gun; and there was a lack of other evidence implicating the defendant in the shooting.  The Second Circuit upheld the district court's grant of a new trial in the interest of justice.  *See id.* (citing Fed. R. Crim. P. 33).

In the case at hand, there were numerous witnesses who had identified defendants to law enforcement during the course of the investigation or in pre-trial interviews.  At trial, witnesses were

-5-

able to use photographs prominently displayed for the jury in order to identify defendants and other participants.  A number of law enforcement officers likewise identified defendants.  There is no legal requirement that every witness point to a defendant in court in order to make an adequate identification.  Defendant's argument goes to the weight of the evidence, and the court finds that evidence of identification was sufficient to support the jury's ultimate conclusion.  For instance, although the confidential informant did not make an in-court identification of defendant McIntyre when the informant implicated McIntyre in the May 26, 2006, controlled buy, video footage of that buy permitted the jury to evaluate the testimony and draw its own conclusion.  The court finds that any failure of the government's witnesses to make in-person, in-court, identifications of defendant McIntyre does not warrant a new trial.

**D.      Sufficiency of the Evidence**

The court rejects defendant's argument that the evidence was insufficient or that the verdicts were against the weight of evidence.  The evidence presented at trial was sufficient to support the jury's finding that defendant was guilty of participating in the conspiracy charged in the Third Superseding Indictment.  This case involved controlled buys of crack cocaine from various locations in Lawrence, Kansas.  The jury saw video recordings of these buys, and were able to identify the individuals in those videos.  The jury heard audio recordings of calls setting up these buys, and were able to identify—and heard testimony concerning—the individuals speaking.  The jury heard evidence that federal agents and the Lawrence Police Department's Special Enforcement Unit executed a search warrant at defendant McIntyre's residence, where they discovered guns and ammunition.

Furthermore, the jury heard evidence that defendant's cousin, Johnnie Williams, and his girlfriend lived at 1409 West 22nd Terrace.  Evidence was introduced that 1409 West 22nd Terrace

was used by Johnnie Williams and others to manufacture, store, and distribute drugs.  There was evidence from trash pulls and a search warrant associating defendant McIntyre with that residence. Officers also found a digital scale and plastic baggies, which are often used for distribution of drugs. At least one witness said she had observed defendant McIntyre helping weigh crack cocaine at the residence.  Although the government was able to introduce less than five grams of cocaine or cocaine base actually recovered from defendant, the evidence supported the finding of defendant's involvement in a conspiracy, and the drug quantity that the jury attributed to that conspiracy was not against the weight of evidence presented at trial.

The court concludes that the verdict was not "clearly, decidedly, or overwhelmingly against the weight of the evidence." *Champion Home Builders v. Shumate*, 388 F.2d 806, 808 (10th Cir. 1967).

**IT IS THEREFORE ORDERED** that Defendant's Motion for a New Trial (Doc. 401) is denied.

Dated this 12th  day of March, 2009, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**