# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CRIMINAL ACTION |
| ) | |
| ) | No. 06-20047-3-CM |
| TERRY MCINTYRE, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## MEMORANDUM AND ORDER

The matter comes before the court on defendant's Request for Extension of Time to File 28 U.S.C. 2255 (Doc. 528). Defendant requests the extension due to the fact that in March 2011 he was notified that he would be transferred to another institution. Defendant believes the transfer would require him to find another inmate at his new facility to assist him with the motion. Defendant argues that the court may extend the time to file pursuant to Rule 4(b), and requests that the court grant a sixty to ninety day extension after the expiration of the one-year statute of limitations deadline, or until October 31, 2011.

A jury found defendant guilty on Counts 1, 4, 6, 12–15, 24, and 30 of the Third Superseding Indictment, charging defendant with violations of conspiracy to manufacture, possess and distribute crack cocaine, within 1,000 feet of a public elementary school, and also possessing a firearm during a drug trafficking crime having been previously convicted of a felony offense. On June 16, 2009, this court sentenced defendant to a total term of imprisonment of 322 months. Defendant appealed his sentence, and July 21, 2010, the Tenth Circuit affirmed the district court's decision. Defendant filed the instant motion on April 4, 2011.

The issue before this court is not one of jurisdiction, but rather of equitable tolling. *United States v. Verners*, 15 F. App'x 657, 659 (10th Cir. 2001) (citing *Moore v. Gibson*, 250 F.3d 1295, 1299 (10th Cir. 2001)). "Equitable tolling 'is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file [is] caused by extraordinary circumstances beyond his control.'" *Moore*, 250 F.3d at 1299 (quoting *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000)). Further, it is not until a § 2255 motion is filed, and the statute of limitations affirmative defense is raised by either the respondent or the court, that a motion for equitable tolling is considered ripe for the court's review. *Verners*, 15 F. App'x at 659 (citing *United States v. Wilson*, 244 F.3d 1208, 1213 (10th Cir. 2001)).

Here, defendant is merely concerned that a move to another facility will necessitate an extension based on the fact that he will need to secure assistance from another inmate at the new facility with filing a § 2255 motion. However, there is no § 2255 motion currently on file for defendant, and defendant's request for an extension does not rise to the level of extraordinary circumstances which are beyond his control. *See United States v. Sterling*, No. 99-6161, 1999 WL 1020855, at *1 (10th Cir. 1999) (noting that an "[i]nability to access legal materials for a period of thirty-one days does not rise to the level of 'rare and exceptional circumstances.'"). Furthermore, it appears to the court that defendant has now been moved to the different facility. Defendant is still well within the statute of limitations to file a § 2255 motion, making the instant motion premature.

The court has discretion regarding whether to dismiss a motion for extension of time to file a § 2255 motion, or recharacterize it as a motion under 28 U.S.C. § 2255. *United States v. Espino*, No. 03-20051-08-JWL, 2008 WL 544387, at *2 (D. Kan. Feb. 22, 2008) (citing *Castro v. United States*, 540 U.S. 375, 383–384 (2003)). In this instance, this court finds defendant's motion is premature,

and therefore, dismisses the motion.

**IT IS THEREFORE ORDERED** that defendant's Request for Extension of Time to File 28 U.S.C. 2255 (Doc. 528) is dismissed.

Dated this 18th day of April, 2011, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**