IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 06-20047-3-CM |
| v. ) | |
| ) | |
| TERRY MCINTYRE, ) | |
| ) | |
| Defendant. ) | |

## ORDER

On April 7, 2010, this court issued a Memorandum and Order (Doc. 529) dismissing defendant's Request for Extension of Time to File 28 U.S.C. 2255 [sic] (Doc. 528). There was no § 2255 motion on file at the time defendant made his request. Defendant failed to demonstrate that there were extraordinary circumstances that were beyond defendant's control to file a timely § 2255 motion; and therefore, the court dismissed defendant's request. Pending before the court is defendant's Motion to Compel Counsel to Provide the Case File and/or Request for Copy of the Case File (Doc. 532).

Defendant requests an order from this court to compel his attorney to provide him with a copy of his case file, including any discovery in the case. Defendant previously requested a copy of the trial transcript from his counsel, which was presented to him on a computer disc. Unfortunately, defendant is unable to access the documents from the disc on the prison institution's computer. Defendant argues that he needs a copy of the case file in order to submit his habeas petition, and argues that his counsel should either provide the original case file or be paid by the court to make the necessary copies to send to defendant.

Although defendant's request is for this court to order defendant's attorney to provide him with a copy of his case file, this court construes the request liberally, and as one asking the court to provide the materials to defendant. *See United States v. Suarez*, No. 03-20085-01-JWL, 2007 WL 2323362, at *1 (D. Kan. Aug. 9, 2007) (finding no authority to compel an attorney to provide defendant with an entire case file, and construing liberally defendant's request as one requesting the materials from the court) (citing *Hall v. Bellmon*, 935 F. 2d 1106, 1110 (10th Cir. 1991)).

Pursuant to 28 U.S.C. § 753(f), defendant is entitled to a free copy of a hearing transcript if "the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal." *See United States v. Cline*, Nos. 04-3400-SAC, 00-40024-03-SAC, 2007 WL 2071762, at *2 (D. Kan. July 18, 2007) (quoting *Brown v. N.M. Dist. Court Clerks*, No. 97-2044, 1998 WL 123064, at *3 n.1 (10th Cir. Mar. 19, 1998)) (citing *United States v. MacCollom*, 426 U.S. 317 (1976)). Defendant does not have the right to a free transcript simply out of desire to search the record for errors. *Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (citing *MacCollom*, 426 U.S. at 326–27). Defendant must show a particularized need for copies of the transcripts. *United States v. Bennett*, No. 06-20056-10-KHV, 2009 WL 3644920, at *1 (D. Kan. Oct. 30, 2009) (citing *United States v. Sistrunk*, 992 F.2d 258, 260 (10th Cir. 1993)). Although § 753(f) does not specifically address a request for other documents besides transcripts in a case file, the Tenth Circuit has denied similar requests for case documents for failing to meet the standard in § 753(f). *Suarez*, 2007 WL 2323362, at *1 (citing *Nortonsen v. Larimer County Dist. Court*, No. 05-1390, 2006 WL 1086437, at *1 (10th Cir. Apr. 26, 2006)).

Defendant contends that if he was provided with a copy of his case file, he would be able to comply with the filing requirements for § 2255 motions. He notes that he has one year to file a

-3-

habeas petition and is acting in good faith in order to timely file a § 2255 motion after he inspects the case file.  However, he fails to provide particular reasons why he believes the transcripts, or other case file materials, will assist him with the filing of a § 2255 motion.  Therefore, the court denies defendant's request at this time.  *United States v. Lewis*, No. 94-3158, 1994 WL 563442, at *1 (10th Cir. Oct. 14, 1994) (holding that a § 2255 motion must be on file to "trigger the statute that explicitly grants indigent habeas corpus petitioners documents or parts of the record without cost") (citing *United States v. Connors*, 904 F.2d 535, 536 (9th Cir. 1990); *Walker v. United States*, 424 F.2d 278, 278–79 (5th Cir. 1970)) (internal quotation marks omitted).  If, however, defendant files a § 2255 motion and specifically requests a free copy of the record and/or transcripts, indicating with particularity how the records and/or copies of transcripts will aid him in furtherance of his § 2255 motion, the court would reconsider the request at that time.

**IT IS THEREFORE ORDERED** that defendant's Motion to Compel Counsel to Provide the Case File and/or Request for Copy of the Case File (Doc. 532) is denied without prejudice.

Dated this 2nd day of September, 2011 at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**