IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>)<br>           **Plaintiff,**    )<br>)<br>v.                                                        )<br>                                                      )   Case No. 06-20047-03-CM<br>TERRY J. MCINTYRE, JR.           )<br>)<br>)<br>           **Defendant.**    )<br>_____) | |

## MEMORANDUM AND ORDER

On October 3, 2011, defendant filed a motion to compel counsel to provide the case file and/or request for copy of the case file (Doc. 534). On the same day, defendant filed a motion to vacate under 28 U.S.C. § 2255 (Doc. 535). After reviewing the court's internal case processing system, it appears that defendant's motion to compel was never ruled on by the court. It is unclear at this time why the delay occurred. The court corrected its internal court records and now considers defendant's motion to compel on the merits.

Plaintiff filed a similar motion to compel on July 15, 2011 (Doc. 532). The court denied that motion in its September 2, 2011 order (Doc. 533) ("Order"). As stated in the court's Order, defendant previously requested a copy of the trial transcript from his counsel, which counsel presented to him on a computer disc. At that time, defendant was unable to access the documents from the disc on the prison institution's computer.

After filing the instant motion to compel, defendant filed a subsequent document (Doc. 552) on April 9, 2012, that stated he is "still obtaining assistance in copying the files and records of the case

from a computer disc by institutional staff." (Doc. 552 at 3.)  It is unclear to the court whether defendant has now obtained the requested records or whether he is still unable to access them.  To the extent defendant still seeks a copy of his case file, his motion is denied for the reasons set out below.

In its Order, the court denied defendant's original motion to compel without prejudice because (1) defendant did not have a § 2255 motion on file at the time he filed his motion to compel; and (2) defendant "fail[ed] to provide particular reasons why he believe[d] the transcripts, or other case file materials" would assist him with the filling of his motion.  (Doc. 533 at 3.)  The court stated that if "defendant files a § 2255 motion and specifically requests a free copy of the record and/or transcripts, indicating with particularity how the records and/or copies of transcripts will aid him in furtherance of his § 2255 motion, the the court would reconsider the request at that time."  (*Id.*)

Defendant complied with the first part of the Order when he filed his § 2255 motion.  He fails to satisfy the second requirement, however.  As is explained more fully in the court's Order, a defendant is entitled to a free copy of a hearing transcript or case file if "the trial judge or a circuit judge certif[ies] that 'the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal.'"  *See United States v. Cline*, Nos. 04-3400-SAC, 00-40024-03-SAC, 2007 WL 2071762, at *2 (D. Kan. July 18, 2007) (quoting 28 U.S.C. § 753(f)); *see also Brown v. N.M. Dist. Court Clerks*, 141 F.3d 1184, 1998 WL 123064, at *3 n.1 (10th Cir. Mar. 19, 1998) (unpublished table decision) (citing *United States v. MacCollom*, 426 U.S. 317 (1976) (plurality)).

Importantly, as the court emphasized in denying defendant's first motion to compel, a defendant must show a particularized need for copies of the transcripts or other case documents.  *See United States v. Porter*, No. 10-20076-04-KHV, 2012 WL 911518, at *1 (D. Kan. Mar. 16, 2012).  In his instant motion to compel, defendant provided a conclusory statement that he needs a copy of his case file to fully and fairly litigate the claims presented in his § 2255 motion.  Defendant did add that

he "has the additional claims of actual innocence of possessing the firearms" and the "failure of him to receive the notice pursuant to Title 21 U.S.C. § 851, and several other claims" that require him to obtain his case record. (Doc. 534 at 1–2.)

Defendant again fails to demonstrate how his case file will aid him in supporting his § 2255 motion. First, he has not stated with specificity how his case file will assist him in proving his actual innocence on the firearm possession charge. *See United States v. Eatman*, No. 07-20057-CM, 2012 WL 3292833, at *1 (D. Kan. Aug. 13, 2012) (denying defendant's request for records in part because defendant failed to specify how the requested documents would assist him in proving his actual innocence).

Second, the docket sheet shows that notice of the information filed by the government was sent to defendant's counsel of record at that time. (Doc. 265 at 2) (containing a certificate of service certifying that notice was sent to Jacquelyn E. Rokusek on February 22, 2008). As a result, defendant's additional claim that he did not receive notice pursuant to 21 U.S.C. § 851 (requiring the United States attorney to file an information with the court and serve a copy of the information on the convicted person or the person's counsel) is frivolous and his case file is not necessary for this claim.

For these reasons, defendant's motion to compel is denied.

**IT IS THEREFORE ORDERED** that defendant's Motion to Compel Counsel to Provide the Case File and/or Request for Copy of the Case File (Doc. 534) is denied.

Dated this 16th day of November, 2012, at Kansas City, Kansas.

      s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**