**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Case Nos. 06-20047-03-CM (Criminal)** |
| **TERRY J. MCINTYRE, JR.** | ) | **11-2553-CM (Civil)** |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM AND ORDER**

Presently before the court is a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody (Doc. 535) filed pro se by defendant Terry J. McIntyre, Jr. A jury found defendant guilty on Counts 1, 4, 6, 12–15, 24, and 30 of the Third Superseding Indictment, charging defendant with violations of conspiracy to manufacture, possess and distribute crack cocaine within 1,000 feet of a public elementary school, and also possessing a firearm during a drug trafficking crime having been previously convicted of a felony offense. On June 16, 2009, this court sentenced defendant to a total term of imprisonment of 322 months. The Tenth Circuit affirmed defendant's conviction on June 29, 2010 and issued a mandate on July 21, 2010. Defendant did not file a writ of certiorari.

## I. Timeliness of 28 U.S.C. § 2255 Motion

Under 28 U.S.C. § 2255, a defendant must file his § 2255 motion within one year from the date on which his judgment becomes final. The one-year time period starts "when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." *Clay v.*

*United States*, 537 U.S. 522, 525 (2003). A defendant has ninety days after entry of a court of appeals's judgment to file a writ of certiorari. Sup. Ct. R. 13(1).

Defendant's deadline to file a writ of certiorari was September 27, 2010. As a result, defendant was required to file his § 2255 motion on or before September 27, 2011. The government contends that defendant did not file his § 2255 motion until October 3, 2011, when it was file-stamped by the clerk. The government claims that defendant's motion must be dismissed as time-barred.

Defendant argues that he filed his motion "on September 19, 2010 [sic], when placing in the hands of the institution's mailroom staff pursuant to the mailbox rule." (Doc. 552 at 2.) Although defendant says he filed his motion in 2010, the court believes this is a mistake, as defendant's motion states it was signed and filed on September 19, 2011. Defendant claims that the mailbox rule applies and thus his motion is not time-barred.

The court acknowledges that the mailbox rule applies to § 2255 motions. "The prison mailbox rule . . . holds that a *pro se* prisoner's [filing] will be considered timely if given to prison officials for mailing prior to the filing deadline, regardless of when the court itself receives the documents." *Price v. Philpot*, 420 F.3d 1158, 1163–64 (10th Cir. 2005) (citing *Houston v. Lack*, 487 U.S. 266, 276 (1988)); *see also United States v. Gray*, 182 F.3d 762, 765 n.4 (10th Cir. 1999) (holding that prison mailbox rule applies to § 2255 motions).

> An inmate can establish the date on which he or she gave the papers to be filed with the court to a prison official in two ways. First, if the prison has a legal mail system, then the prisoner must use it as the means of proving compliance with the mailbox rule. The second mechanism for establishing a filing date for purposes of the mailbox rule must be used if the inmate does not have access to a legal mail system-or if the existing legal mail system is inadequate to satisfy the mailbox rule. In either of these circumstances, the mandatory method by which a prisoner proves compliance with the mailbox rule is to submit a declaration in compliance with 28 U.S.C. § 1746 or notarized statement setting forth the [filing's] date of deposit with prison officials and attest that first-class postage was pre-paid.

*Price*, 420 F.3d at 1165 (internal citations and quotations omitted).

Here, defendant's form § 2255 motion contains a declaration in compliance with 28 U.S.C. § 1746, stating the date on which he gave his filing to prison officials to be mailed. (Doc. 535 at 13.) This declaration states that defendant placed his motion in the prison mailing system on September 19, 2011. Thus, this court applies a liberal application of the mailbox rule and finds that defendant has met the requirements necessary for the mailbox rule to apply. His § 2255 motion was timely filed. *See Gray*, 182 F.3d at 766 (relying on the certificate of service date of petitioner's § 2255 motion); *Marsh v. Soares*, 223 F.3d 1217, 1218 n.1 (10th Cir. 2000) (treating the petition as placed in the hands of prison officials on the same day it was signed).

**II.** General § 2255 Standards

A defendant is entitled to relief under 28 U.S.C. § 2255 "[i]f the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack . . . ." 28 U.S.C. § 2255. "The standard of review of Section 2255 petitions is quite stringent," and "[t]he court presumes that the proceedings . . . were correct." *United States v. Illescas*, No. 04-20120-JWL, 05-3411-JWL, 2006 WL 1517760, at *1 (D. Kan. May 26, 2006) (quoting *United States v. Nelson*, 177 F. Supp. 2d 1181, 1187 (D. Kan. 2001) (citations omitted)). "To prevail, [the] defendant must show a defect in the proceedings which resulted in a complete miscarriage of justice." *Id*. (quotation and quotation marks omitted).

**III.** Ineffective Assistance of Counsel

Three of defendant's stated grounds for habeas relief include ineffective assistance of counsel claims. First, defendant claims that his counsel failed to object to witness testimony that was false and that defendant was deprived of a fair trial because his conviction was based on this false testimony.

Second, defendant claims that counsel failed to contest the drug quantity attributed to him and that the quantity was based on false information. Finally, he argues that his counsel should have sought suppression of evidence seized during an unconstitutional search and seizure of both a friend's residence and of defendant's vehicle.

**A. Legal Standard**

In analyzing a habeas petitioner's claim for ineffective assistance of counsel, the court applies the general standard set out by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). *See Romano v. Gibson*, 278 F.3d 1145, 1151 (10th Cir. 2002) (applying *Strickland*). Under *Strickland*, a petitioner must meet a two-prong test. First, he must demonstrate that his attorney's performance was deficient and "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 687–88. The court gives considerable deference to an attorney's strategic decisions and strongly presumes that the attorney has provided adequate assistance and made all significant decisions using reasonable professional judgment. *Id*. at 690. Second, a habeas petitioner must show that he was prejudiced by trial counsel's deficient performance, which requires that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Further, in deciding an ineffective assistance of counsel claim, the court is not required to address both prongs of the test if one prong is not met. *Id*. at 697.

**B. Defendant's Claims**

**1. Failure to Object and Deprivation of Fair Trial**

Defendant's motion states that counsel "allowed witnesses to testify during the trial without objection, and the witnesses testified falsely causing him to be convicted." (Doc. 535 at 4.) Defendant also stated that counsel "made no investigation into the truth of the matters when doing so would have revealed the truth of the matters." (*Id*.) In its response, the government pointed out that defendant's

statements were conclusory and that he failed to specifically identify which witnesses' testimony was at issue or what evidence defendant had to support his claim that the testimony was false.

Defendant's reply pointed to the testimony of two witnesses: Lolester Mitchell and Marcus Crawford. Defendant claimed that he "has evidence and facts" showing that Mitchell never knew defendant nor purchased drugs from him, and that Mitchell fabricated his testimony "after conversation and viewing pictures with [defendant] and his codefendant's [sic] when in Corrections Corporation of America (CCA) in Leavenworth, Kansas." (Doc. 552 at 4.) Defendant also claims he "has evidence and facts" that Crawford fabricated his testimony about drug sales and defendant's involvement in the conspiracy. (*Id.*)

Defendant's assertion that his attorney failed to object during Mitchell's testimony is unsupported by the record. For example, defense counsel objected on several occasions during Mitchell's testimony on the basis of hearsay. (Doc. 492 at 170–74.) Furthermore, defense counsel effectively cross-examined Mitchell by asking questions about Mitchell's cooperation with the government and the resulting sentence reduction Mitchell hoped to receive in exchange for his testimony against defendant. (Doc. 493 at 22–25.) Defense counsel also pointed out weaknesses in Mitchell's testimony. (*Id*. at 17–33.) While defense counsel did not object during Crawford's testimony, he did highlight weaknesses in Crawford's testimony, as well as Crawford's incentive to testify against defendant on cross-examination. (Doc. 487 at 115–20.)

Upon review of the record, the court finds that defendant's claim that his counsel failed to object to the testimony of these witnesses is unfounded. Furthermore, even if defense counsel erred in his trial tactics, strategy, or policy, those mistakes do not amount to ineffective assistance of counsel. *United States v. Nolan*, 571 F.2d 528, 534 (10th Cir. 1978). A defendant is entitled to relief only if the issues raised involve a "fundamental defect" causing a "complete miscarriage of justice." *Garner v.*

*United States*, Nos. 05-20094-CM, 08-2606-CM, 2010 WL 654494, at *2 (D. Kan. Feb. 22, 2010) (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974)). There is nothing to suggest that defense counsel's objections and cross-examinations of these or any witnesses were so unreasonable as to fall below the *Strickland* standard. Nor has defendant shown any miscarriage of justice. Defendant's ineffective assistance of counsel claim on this issue is denied.

Additionally, defendant's due process claim of deprivation of a fair trial based on the allegedly false testimony of Mitchell and Crawford is also denied. Defendant did not raise this claim on direct appeal. "[C]laims that testimony was false or lacking in credibility or that evidentiary decisions were erroneous are not cognizable in a § 2255 motion because these claims should have been addressed in a direct appeal." *United States v. Celio*, Nos. 08-cv-02088-CMA-CBS, 01-CR-00165-CMA, 2011 WL 3799028, at *13 (D. Colo. May 20, 2011); *United States v. Gaither*, 300 F. App'x 612, 614–15 (10th Cir. 2008) (claim that government used false testimony was procedurally barred because it was not raised on direct appeal). Defendant's claim of false trial testimony is an impermissible attempt to retry the issue of guilt that already has been decided by the jury.

Even if the court were to consider the claim, there is no suggestion by the defendant that the government knew or had reason to know that any of the testimony offered by Lolester Mitchell or Marcus Crawford at trial was false. "Conclusory allegations that a witness's testimony used against him was perjured is not sufficient to warrant setting aside his conviction." *Early v. United States*, 309 F. Supp. 421, 423 (D. Kan. 1969) (citation omitted). Moreover, the use of false testimony does not violate a defendant's rights to due process unless it is shown that the government knew such testimony was false. *See United States v. Autem*, No. 00-40087-01, 04-3428-RDR, 2006 WL 224034, at *4 (D. Kan. Jan. 30, 2006) (quoting *Wild v. Oklahoma*, 187 F.2d 409, 410 (10th Cir. 1951)).

Because there is no showing that the government knowingly used false testimony at trial, the defendant is not entitled to relief on this claim. *See Wild*, 187 F.2d at 410 (finding the petition was properly denied when there was "no suggestion that the prosecuting officers knew or had reason to believe that any of the testimony offered at the trial of the petitioner was false or perjured"); *see also Early*, 309 F. Supp. at 423 ("Absence of an allegation that the prosecution knowingly or wilfully used allegedly perjured testimony is fatal to motion to vacate sentence and judgment on ground that conviction was the result of perjured testimony.").

**2. Failure to Contest Drug Quantity Attributed to Defendant**

Defendant's next ineffective assistance of counsel claim is that at sentencing his counsel failed to contest the drug quantity attributed to him and allegedly allowed him to be sentenced based on false and unreliable information. Here, defendant again makes a conclusory claim. First, he fails to point out how the drug quantity calculation was incorrect. The only statement possibly addressing this issue is defendant's reference to the documents submitted with his reply (Doc. 552), marked as Exhibit A. Defendant states that the documents are specific evidence "showing that he was in Florida during 2003 and 2004, a time period that the conspiracy allegedly took place" and that the documents refute trial testimony about the drug quantity that could be attributed to him. (Doc. 552 at 3.) Defendant fails to demonstrate how these documents show that the drug quantity calculation was erroneous.

Second, he fails to point to what information or witness testimony was "false and unreliable." Defendant's claim lacks any evidentiary support. Even assuming that defendant is again targeting the testimony of Lolester Mitchell and Marcus Crawford, removal of the drug amounts attributed to defendant by these witnesses does not change defendant's base offense level under U.S.S.G. § 2D1.1(c)(3).

The prejudice prong of the *Strickland* test requires the defendant to show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. at 694. Defendant fails to point to any evidence that would create a reasonable probability that the results would have been different had his attorney challenged the drug quantity attributed to him. As a result, defendant fails to meet *Strickland*'s prejudice prong. *See Berkey v. United States*, 318 F.3d 768, 773–74 (7th Cir. 2003) (finding that defense counsel's failure to contest drug quantities attributed to the defendant at sentencing did not prejudice the defendant, and thus could not amount to ineffective assistance of counsel, where the defendant failed to show a reasonable probability that the result of proceedings would have been different but for counsel's performance at sentencing, given that government had significant evidence concerning drug quantities attributable to him). Defendant's ineffective assistance of counsel claim on this issue is denied.

**3. Failure to Seek Suppression of Evidence Seized During Unconstitutional Searches and Seizures**

Defendant's final ineffective assistance of counsel claim is that his attorney failed to seek suppression of the firearms obtained from an allegedly illegal search and seizure of his friend's residence where he resided from time to time. Defendant claims that this search and seizure was made without probable cause or a valid search warrant and led to the confiscation of firearms which were used to convict him at trial. Defendant also appears to challenge an allegedly illegal stop, search and seizure of his vehicle.

Defendant again makes conclusory statements regarding this claim. Defendant fails to identify in which friend's residence he claims the illegal search and seizure occurred and he also fails to establish standing to challenge the search. It is not the job of the court to search the trial transcript in an attempt to ascertain what allegedly illegal search defendant may be challenging. Search warrants were issued for the following residences where firearms were confiscated: 1607 Kenwood Drive, 2358

Ousdahl Road, and 1409 W. 22nd Terrace, all in Lawrence, Kansas. Again, it is unclear whether defendant's motion refers to the search of one of these residences. To the extent it does—and to the extent defendant challenges the search of some other residence—defendant has failed to point to any evidence that his attorney's failure to seek suppression would create a reasonable probability that the results would be different. Thus, defendant again fails to meet the prejudice prong under *Strickland*. 466 U.S. at 694. In addition, defendant fails to demonstrate that the failure of his attorney to seek suppression was deficient and "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 687–88. Defendant's suppression claim regarding a friend's residence is denied.

Defendant's conclusory and vague claim regarding the allegedly illegal stop, search and seizure of his vehicle is denied for the same reasons. While defendant does not specify, a review of the record reveals that defendant's claim may refer to the December 3, 2005 stop of a vehicle driven by defendant. Testimony at trial revealed that this vehicle, a Chevy Caprice, was titled in the name of Valeria Abarca, however, and not defendant. (Docs. 490 at 21–22; 487 at 160.) In connection with this stop, the record contains testimony from Officer Unruh that he witnessed the vehicle driven by defendant traveling at a speed of fifty-eight miles per hour in a thirty-mile-per-hour zone at 2:39 a.m. (Doc. 487 at 152, 156.) Officer Unruh also testified that he observed the occupants of the vehicle "moving around a lot" and that for officer safety reasons he contacted additional backup. (*Id*. at 157–59.) Even assuming, *arguendo*, that defendant has standing to challenge this stop, search and seizure, the court finds it was likely supported by probable cause. Regardless, defendant again fails to show that his attorney's failure to seek suppression would create a reasonable probability that the results would be different or that his attorney's failure to seek suppression fell below an objective standard of reasonableness. *Strickland*, 466 U.S. at 694, 687–88.

## IV. Retroactive Application of the Fair Sentencing Act

Defendant's final claim is that the Fair Sentencing Act of 2010 ("FSA") should apply retroactively to reduce his sentence. The FSA was signed into law on August 3, 2010. *See* Pub. L. No. 111–220, 124 Stat. 2372. The FSA "amended various United States Code provisions with respect to crack cocaine violations, raising the quantities of cocaine base required to trigger various statutory mandatory minimum sentences from a 100:1 to an 18:1 'crack-to-powder' ratio." *United States v. Lasley*, Nos. 08-20082, 09-3336, 2011 WL 3611393, at *2 (D. Kan. Aug. 16, 2011).

Under the "general savings statute," 1 U.S.C. § 109, a court must "apply the penalties in place at the time the crime was committed, unless the new enactment expressly provides for its own retroactive application." *United States v. Reed*, 410 F. App'x 107, 111 (10th Cir. 2010) (quotation and quotation marks omitted). The FSA does not provide for retroactive application. *Id*. "It has been clearly established that the FSA is not retroactive with respect to offenders who were already sentenced prior to its enactment." *United States v. Beach*, No. 09-10132-11, 14-EFM, 2011 WL 977766, at *2 (D. Kan. Mar. 17, 2011). Defendant was sentenced on June 16, 2009, prior to the enactment of the FSA on August 3, 2010. Thus, the FSA provides defendant no basis for relief. *See Lasley*, 2011 WL 3611393, at *2 (finding that offender sentenced prior to enactment of FSA had no relief under the Act); *see also United States v. White*, No. 08-20120-CM, 2012 WL 1080591, at *1 (D. Kan. Mar. 29, 2012) (same). Although *Lasley* and *White* both dealt with motions requesting a sentence reduction pursuant to 18 U.S.C. § 3582, the same rationale applies to a motion filed under § 2255. Defendant's claim on this issue is denied.

## V. Evidentiary Hearing

Defendant's § 2255 motion requests an evidentiary hearing to develop the factual allegations in his motion that have occurred outside the courtroom and on which the record can cast no light. He states that "[w]hen the facts are fully developed, [defendant] can demonstrate that he has suffered

constitutional violations and is incarcerated illegally." (Doc. 552 at 3.) Defendant also claims that a hearing is needed to "correct the constitutional violations and errors that have occurred." (*Id*. at 6.)

A court must hold an evidentiary hearing on a § 2255 motion "[u]nless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief." *United States v. Galloway*, 56 F.3d 1239, 1240 n.1 (10th Cir. 1995) (internal quotation marks omitted) (quoting 28 U.S.C. § 2255). "A court need not grant an evidentiary hearing where the factual allegations are contradicted by the record, inherently incredible, or when they are conclusions rather than statements of fact. *United States v. Musallet*, Nos. 07-20099, 11-2008, 2011 WL 1303305, at *1 (D. Kan. Apr. 1, 2011). Because defendant's arguments are all either contradicted by the record, inherently incredible, or conclusory, his request for an evidentiary hearing is denied.

## VI. Certification of Appealability

The court will issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Under this standard, a defendant must show that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks and citation omitted). The court is not convinced that its conclusions are debatable among reasonable jurists or that the issues presented merit further proceedings. For the reasons stated above, the court finds that defendant has not made a substantial showing of the denial of a constitutional right. The court declines to issue a certificate of appealability in accordance with Rule 11 as amended December 1, 2009.

**IT IS THEREFORE ORDERED** that defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 535) is denied.

**IT IS FURTHER ORDERED** that the court will not issue a certificate of appealability.

Dated this 17th day of December, 2012, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**