**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case Nos.   06-20047-03-CM (Criminal) |
| TERRY J. MCINTYRE, JR. | ) 11-2554-CM (Civil) |
| | ) |
| | ) |
| Defendant. | ) |
| | ) |

**MEMORANDUM AND ORDER**

This matter is before the court on defendant's motion for relief from judgment (Doc. 583) and

motion for order regarding status of pending motion (Doc. 591). In his motion for relief from

judgment, defendant argues that the court erred by (1) failing to resolve all pending motions; (2)

determining that his arguments for habeas relief lacked merit in denying his 28 U.S.C. § 2255 motion;

and (3) denying his motion to supplement his § 2255 motion after the court had already issued its

order. For the following reasons, the court dismisses defendant's motion for relief from judgment for

lack of subject matter jurisdiction. In addition, the court denies defendant's motion for order regarding

status of pending motion as moot.

**I.      Factual Background**

On July 15, 2011, defendant filed a motion to compel his counsel and/or the court to provide

the case file (Doc. 532). The court denied that motion because no 28 U.S.C. § 2255 motion was on

file and defendant had failed to indicate with particularity how the records would aid him in filing a

§ 2255 motion. Defendant then filed his form 28 U.S.C. § 2255 motion on October 3, 2011 (Doc.

535).  He alleged that his trial counsel was constitutionally ineffective at trial and during the

sentencing stage of his case.  Additionally, he argued for retroactive application of the Fair Sentencing

Act.

      Also on October 3, 2011, defendant filed a second motion to compel (Doc. 534).  The

government responded to the motion to compel (Doc. 538), and defendant filed a reply (Doc. 541).  In

his reply, defendant—for the first time—asked for an "order of protection."  The court denied

defendant's second motion to compel on November 16, 2012, finding that defendant again failed to

meet the particularity standard (Doc. 561).  The court did not address defendant's request for an "order

of protection" raised for the first time in his reply to the motion to compel.

      On December 17, 2012, the court analyzed the merits of defendant's 28 U.S.C. § 2255 claims

and denied his motion (Doc. 567).  The court also denied a certificate of appealability.  Later, on

December 26, 2012, defendant filed a motion to supplement his § 2255 motion (Doc. 569).  The court

denied that motion as moot, stating that it had already ruled on defendant's § 2255 motion.  Defendant

filed the instant motion on March 5, 2013.

## II.     Analysis

      Defendant proceeds pro se, so the court broadly construes his motion.  *United States v. Pinson*,

584 F.3d 972, 975 (10th Cir. 2009).  The content of defendant's motion is largely directed to the

December 17, 2012 order denying his § 2255 motion.  Therefore, based on the substance of the

requested relief, the court construes defendant's motion as a Rule 60(b) motion directed to the

December 17, 2012 order.

      Before examining the merits of defendant's motion, the court must consider its jurisdiction.

The court has jurisdiction to resolve "true" Rule 60(b) motions.  *Spitznas v. Boone*, 464 F.3d 1213,

1215–16 (10th Cir. 2006).  These motions "challenge[ ] only a procedural ruling of the habeas court

which precluded a merits determination of the habeas application . . . or . . . challenge[ ] a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition." *Id.* at 1216 (internal quotation and citation omitted).

But the court lacks jurisdiction to consider Rule 60(b) motions that—in reality—are second or successive 28 U.S.C. § 2255 motions absent certification from the Tenth Circuit. *Id.* These types of motions "assert or reassert a federal basis for relief from the underlying conviction . . . ." *Id.* An example of second or successive motion is a motion that challenges the habeas court's previous ruling on the merits of a claim. *Id.*

At first glance, defendant's first and third arguments may appear to fall under the category of challenging a procedural ruling of the habeas court. *See id.* (describing "true" Rule 60(b) motions). But these procedural actions did not prevent the court from deciding defendant's § 2255 motion on the merits. Moreover, at the core of defendant's first and third arguments is defendant's attempt to put more information in front of the court and to assert or reassert multiple bases for relief. Here, the court refused to consider defendant's motion for an "order of protection" raised for the first time in his reply brief to a motion to compel and denied defendant's motion to supplement his § 2255 motion filed after the court had already issued an order denying his § 2255 motion. These actions are not the type of procedural rulings that constitute "true" Rule 60(b) motions. *See id.* (giving examples of procedural issues raised in "true" Rule 60(b) motions, including motions challenging the court's dismissal of a petition "for failure to exhaust, procedural bar, or because of the statute of limitations").

Defendant's second argument clearly challenges the court's ruling on the merits of his § 2255 motion. For these reasons, the court determines this is a second or successive § 2255 motion. Because

the Tenth Circuit has not certified this motion (or any of defendant's arguments), the court lacks

subject matter jurisdiction to consider it.

Even if the court had jurisdiction to consider defendant's first and third arguments, both

arguments fail. Defendant's first argument is unsupported by the record. Defendant states that he

moved for an "order of protection" in his reply (Doc. 541) to the government's response to his second

motion to compel and that the court never ruled on this motion. But defendant provides no authority

for an "order of protection" and the court is uncertain exactly what relief plaintiff requests. Further,

the court will not address a request for relief made for the first time in a party's reply brief. *See*

*Linnebur v. United Tel. Ass'n*, No. 10-1379-RDR, 2011 WL 5103300, at \*7 (D. Kan. Oct. 27, 2011)

(citing *In re Bank of Am. Wage & Hour Emp't Practices Litig.*, 275 F.R.D. 534, 537 (D. Kan. 2011)

(other citations omitted)). Thus, the court was not required to rule on defendant's request, and—

contrary to defendant's assertion—all pending motions were resolved.

Defendant's third argument also fails. Defendant claims that his motion to supplement his

§ 2255 motion was improperly denied. Defendant filed his motion to supplement on December 26,

2012. However, the court denied defendant's § 2255 motion on December 17, 2012. Therefore, the

motion to supplement was denied as moot. Defendant argues that his motion to supplement was

timely filed pursuant to the prison mailbox rule.

The prison mailbox rule allows a prisoner who uses the prison's legal mailing system to "file"

a petition to have the petition deemed filed on the date it is given to prison authorities for mailing to

the court. *Price v. Philpot*, 420 F.3d 1158, 1165 (10th Cir. 2005). A prisoner may establish a filing as

timely under the prison mailbox rule by either:

> (1) alleging and proving that he or she made timely use of the prison's legal mail
> system . . . or (2) if a legal system is not available, then by timely use of the prison's
> regular mail system in combination with a notarized statement or declaration under

penalty of perjury of the date on which the documents were given to prison authorities and attesting that postage was prepaid.

*Id.* at 1166 (citing *United States v. Ceballos-Martinez*, 387 F.3d 1140, 1144–45 (10th Cir. 2004)).

Here, defendant satisfies neither requirement. Defendant's motion contains a certificate of service dated November 30, 2012. However, this certificate of service is not enough to satisfy the prison mailbox rule. *See United States v. Herrera*, 178 F. App'x 830, 832–33 (10th Cir. 2006) (finding that certificate of service stating that prisoner's appeal was placed in box marked "legal mail" for prisoners was insufficient because prisoner did not submit any prison records noting the date he placed his appeal in the mailbox, and because the certificate failed to allege postage was prepaid). Defendant's certificate of service neither alleges he made use of the prison's legal mail system, nor includes a declaration or notarized statement made under penalty of perjury of the date on which the documents were given to prison authorities and attesting postage was prepaid. As such, defendant's motion to supplement was not deemed filed until after the court had already issued its order denying defendant's § 2255 motion and was therefore moot.

The court may dismiss this motion or, if in the interests of justice, transfer the matter to the Tenth Circuit under 28 U.S.C. § 1631. *In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008). Dismissal is appropriate in this case. *See id.* at 1251 (outlining factors the district court should consider in deciding whether transfer is appropriate). A second or successive motion is only permitted in the two situations outlined in 28 U.S.C. § 2255(h). Defendant's current motion does not assert a claim that satisfies either situation. To the extent necessary, the court also denies a certificate of appealability because defendant's motion fails to satisfy the standard in *Slack v. McDaniel*, 529 U.S. 473, 478 (2000).

**IT IS THEREFORE ORDERED** that defendant's Motion for Relief from Judgment (Doc.

583) is dismissed for lack of subject matter jurisdiction.  The court denies a certificate of appealability.

**IT IS FURTHER ORDERED** that defendant's Motion for Order regarding Status of Pending

Motion (Doc. 591) is denied as moot.

Dated this 26th day of July, 2013, at Kansas City, Kansas.

<div style="margin-left:50%">

s/ Carlos Murguia
**CARLOS MURGUIA**
United States District Judge

</div>