IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>      **Plaintiff,**<br><br>      v.<br><br>**TERRY J. McINTYRE, Jr.,**<br><br>      **Defendant.** | Case No. 06-20047-3-CM |

### MEMORANDUM AND ORDER

Presently before the court is a motion under 28 U.S.C. § 3582(c)(2) to vacate, set aside, or correct a sentence by a person in federal custody (Doc. 600) filed by pro se defendant Terry J. McIntyre, Jr.  A jury found defendant guilty on Counts 1, 4, 6, 12–15, 24, and 30 of the Third Superseding Indictment, charging defendant with violations of conspiracy to manufacture, possess, and distribute crack cocaine within 1,000 feet of a public elementary school, and also possessing a firearm during a drug trafficking crime after having been previously convicted of a felony offense.  On June 16, 2009, this court sentenced defendant to a total term of imprisonment of 322 months.  The Tenth Circuit affirmed defendant's conviction on June 29, 2010 and issued a mandate on July 21, 2010.

On October 3, 2011, defendant filed a petition under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence.  (Doc. 535.)  Defendant asserted in his motion that his trial counsel was ineffective and that he was entitled to retroactive application of the Fair Sentencing Act ("FSA").  The court ultimately denied defendant's motion on December 17, 2012, finding that his claims were without merit, including the FSA claim.  (Doc. 567.)  On September 30, 2013, defendant filed a notice of appeal (Doc. 594) of the court's order; however, the appeal was dismissed on January 22, 2014, because he failed to timely file his appeal.

On June 30, 2014, defendant filed the present motion seeking relief under 18 U.S.C. § 3582(c)(2). (Doc. 600.) Defendant now claims that he is entitled to an adjustment of his sentence pursuant to Amendment 750 to the FSA. Amendment 750 went into effect on November 1, 2011 and amended the cocaine base[1] amounts in the drug quantity table in § 2D1.1(c). *United States v. White*, No. 08-20120-CM, 2012 WL 1080591, at *2 (D. Kan. Mar. 29, 2012). Unlike the FSA, Amendment 750 allowed for retroactive application, unless the amendment "does not have the effect of lowering the defendant's applicable guideline range." *Id.* (quoting U.S.S.G. § 1B1.10(a)(2)(B)). The court will now determine whether Amendment 750 effectively lowers defendant's applicable guideline range.

The Pre-Sentence Report ("PSR") attributed a total of 1.49 kilograms of "crack" cocaine to defendant. The PSR also found that the offense involved the distribution of cocaine base within 1,000 feet of a school. Under U.S.S.G. § 2D1.1(c)(3), a quantity of at least 840 grams but less than 2.8 kilograms of "crack" provides for a base offense level of 34 and § 2D1.2(a)(2) provides for a one-level enhancement for drug offenses occurring near a protected location. The PSR therefore concluded that defendant's total base offense level was 35.

Without explaining why, defendant claims that he should only be attributed a "total amount of 1.46 kilograms of cocaine base (Crack)." (Doc. 600 at 3.) Even assuming, without finding, that defendant's calculation is correct, his base offense level would remain at 34 because 1.46 kilograms is still more than 840 grams but less than 2.8 kilograms. *See* U.S.S.G. Manual § 2D1.1(c). Accordingly, Amendment 750, even applied retroactively, has no effect on defendant's sentence because his base offense level would not change, which means his guideline range would not change. Defendant is therefore not entitled to a reduction in his sentence.

---

[1] U.S.S.G. § 2D1.1(3) uses the term "cocaine base." For purposes of these sentencing guidelines, note D clarifies that "cocaine base" means "crack," which is the street name for a form of cocaine base.

**IT IS THEREFORE ORDERED** that defendant's motion under 28 U.S.C. § 3582(c)(2) to vacate, set aside, or correct sentence by a person in federal custody (Doc. 600) is denied.

**IT IS SO ORDERED.**

Dated this 23rd day of December, 2014, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**
