**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**TERRY J. MCINTYRE, JR.,**

    **Petitioner,**

    **v.**                                                             Case No. 06-20047-03/11-2554

**UNITED STATES OF AMERICA,**

    **Respondent.**

**ORDER**

This matter comes before the court upon petitioner Terry J. McIntyre, Jr.'s Motion to Vacate Judgment (Doc. 635); Motion to Vacate Judgment, Supplemental Authority (Doc. 636); and Amended Motion to Vacate (Doc. 643).

**I.  Background**

In 2009, petitioner was convicted by a jury of various crimes related to a conspiracy to manufacture and possess with intent to distribute crack cocaine and various firearm crimes. He was sentenced to 322 months imprisonment to be followed by twelve years of supervised release. Petitioner's sentence was later reduced to 300 months because the guideline sentencing range was reduced and made retroactive.

Pursuant to Fed. R. Civ. P. 60(b), petitioner seeks to vacate the court's December 17, 2012 Memorandum and Order denying his motion to vacate his sentence pursuant to 28 U.S.C. § 2255. Petitioner's current motion relates to his motion to supplement his motion for relief under § 2255, which was filed on December 26, 2012, and which the court denied as moot. Petitioner seems to request that the court retroactively consider petitioner's motion to supplement as a Fed. R. Civ. P. 59(e) motion to alter or amend the judgment.

Petitioner's supplemental authority (Doc. 636) offered in support of his motion to vacate provides the court with a United States Supreme Court case *Buck v. Davis*, 137 S.Ct. 759 (2017). Petitioner argues that the case stands for the proposition that Rule 60(b) is the appropriate way for incarcerated, pro se litigants to bring claims that the court did not follow proper judicial procedures—in this case, finding petitioner's December 26, 2012 motion moot, instead of construing it as a Rule 59(e) motion.

Petitioner's Amended Motion to Vacate Judgment (Doc. 643) raises petitioner's concern that his reply to his original § 2255 motion was never filed. He explains that the reply would have contained documentary evidence that would prove he could not have been guilty of his convictions because he was incarcerated in Florida at the time of the alleged conspiracy.

## II.     Legal Standard

Rule 60(b) provides that the court may relieve a party from a final order for various reasons, including "any other reason that justifies relief." Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is "extraordinary and may only be granted in exceptional circumstances." *Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1242 (10th Cir. 2006) (quoting *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 756 (10th Cir. 1996)). A 60(b) motion is not an opportunity for a party to reargue the facts or the law or "to challenge the correctness of the district court's judgment by arguing that the district court misapplied the law or misunderstood their position." *Van Skiver v. United States*, 952 F.2d 1241, 1244 (10th Cir. 1991). However, the court does have the equitable power to do justice in a case by correcting an error of law. *Id.* Motions under Rule 60(b) must be made "within a reasonable time" and for many reasons no more than a year after the order was entered. Fed. R. Civ. P. 60(c)(1).

## III.    Discussion

Respondent suggests that petitioner's motion should be construed as a second or successive § 2255 motion. The United States Supreme Court in *Gonzalez v. Crosby* decided when, in a habeas case, a Rule 60(b) motion should be considered a second or successive habeas corpus petition under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(b). 545 U.S. 524 (2005).

The Tenth Circuit applies the *Gonzalez* analysis to both § 2254 and § 2255 proceedings. *In re Lindsey*, 582 F.3d 1173, 1174 (10th Cir. 2009) (citing *United States v. Nelson*, 465 F.3d 1145, 1147 (10th Cir. 2006)). Under *Gonzalez* as interpreted in this circuit,

> [A] 60(b) motion is a second or successive petition if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction . . . . Conversely, it is a "true" 60(b) motion if it either (1) challenges only a procedural ruling of the habeas court which precluded a merits determination of the habeas application . . . or (2) challenges a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition.

*Spitznas v. Boone*, 464 F.3d 1213, 1215–16 (10th Cir. 2006). Examples of true 60(b) motions are, for example "motion[s] asserting that the federal district court incorrectly dismissed a petition for failure to exhaust, procedural bar, or because of the statute of limitations." *Id.* at 1216. Examples of motions that should be treated as second or successive habeas petitions are:

> motion[s] seeking to present a claim of constitutional error omitted from the movant's initial habeas petition . . . seeking leave to present newly discovered evidence in order to advance the merits of a claim previously denied . . . or a motion seek[ing] vindication of a habeas claim by challenging the habeas court's previous ruling on the merits of that claim.

*Id.*

Petitioner's three motions appear to present true Rule 60(b) issues. The court will treat them as true 60(b) motions, relieving petitioner from complying with the requirements for bringing a second or successive habeas petition under § 2255 regarding these claims.

Petitioner's motions are not brought within a reasonable time. They are brought over four years after the court's order denying petitioner's § 2255 petition and without any explanation for the delay. But the court will address petitioner's motions on the merits out of an abundance of caution.

As mentioned above, petitioner wants the court, presumably in the interests of justice, to retroactively consider his December 26, 2012 pro se motion to supplement his § 2255 motion as a Rule 59(e) motion to alter or amend the judgment. As noted above, Rule 60(b) relief is extraordinary and only granted in exceptional circumstances. The court finds that extraordinary relief is not warranted in this case. Plaintiff waited over four years to file his Rule 60(b) motion. The court also notes that petitioner admits that he had not even received the court's Memorandum & Order denying relief in petitioner's § 2255 petition when he wrote and sent his supplemental authority. Yet, he asks the court to consider his supplemental authority a motion to amend or alter a judgment. The court declines to do so. Petitioner's motion for Rule 60(b) relief (Doc. 635) and supplemental authority (Doc. 636) are therefore denied.

The court will also treat petitioner's Amended Motion to Vacate (Doc. 643) as a Rule 60(b) motion. Petitioner claims that his reply to his § 2255 petition is not on the docket. But it appears to be docketed as petitioner titled it "Notice in Reference to Error of Determining the Timeliness of Motion Pursuant to Title 28 U.S.C. § 2255 and Issues Presented for Relief from Conviction and Sentence" (Doc. 552). The court construed this filing as petitioner's reply. And it appears to contain the arguments and evidence that petitioner suggests his reply contained. The court considered this document in ruling on petitioner's § 2255 petition. Relief under Rule 60(b) is not warranted. Petitioner's Amended Motion to Vacate (Doc. 643) is therefore denied.

**IT IS THEREFORE ORDERED** that petitioner's Motion to Vacate Judgment (Doc. 635) is denied.

-4-

**IT IS FURTHER ORDERED** that petitioner's Motion to Vacate Judgment, Supplemental Authority (Doc. 636) is denied.

**IT IS FURTHER ORDERED** that petitioner's Amended Motion to Vacate (Doc. 643) is denied.

Dated March 30, 2018, at Kansas City, Kansas.

                                            s/ Carlos Murguia
                                            **CARLOS MURGUIA**
                                            **United States District Judge**