**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
|     **Plaintiff,** | |
|     **v.** | Case No. 06-20047-03 |
| **TERRY J. MCINTYRE, JR.,** | |
|     **Defendant.** | |

## MEMORANDUM & ORDER

This matter comes before the court upon defendant Terry J. McIntyre, Jr.'s Motion to Amend/Correct Presentence Report (Doc. 645); Addendum to Motion to Correct Presentence Report (Doc. 650); Motion for Order (Doc. 646); and Supplement to Motion to Vacate (Doc. 651).

**I.     Motions to Amend the Presentence Report**

In his motions addressing his presentence report, defendant seeks to remove paragraphs 22, 55, and 65.  Defendant wants the three paragraphs removed because they are affecting his request to transfer to a lower security prison.  Defendant's addendum (Doc. 650) also explains that his emails are monitored causing a two-day delay before defendant receives them.  Defendant cites no authority, statutory or otherwise, to amend his presentence report.

Federal Rule of Criminal Procedure 32(f)(1) allows parties fourteen "days after receiving the presentence report [to] state in writing any objections, including objections to material information, sentencing guideline ranges, and policy statements contained in or omitted from the report."  The court is required to "verify that the defendant and the defendant's attorney have read and discussed the presentence report and any addendum to the report."  Fed. R. Civ. P. 32(i)(1)(A).  The court may allow a new objection any time before sentencing, for good cause.  32(i)(1)(D).  But objections to a

presentence report after sentencing are untimely. *United States v. Cosgrove*, No. 00-20118-JWL, 2008 WL 5119679, at *1 (D. Kan. Nov. 26, 2008) (citing *United States v. Eastteam*, 426 F.3d 1301, 1302–03 (10th Cir. 2005)).

On June 16, 2009, defendant was sentenced. It is the court's practice to confirm at sentencing that defendants have reviewed the presentence report with counsel. The docket reflects that such a confirmation was made at defendant's hearing (Doc. 450). In the presentence report, defendant objected to paragraphs 22, 55, and 65 on the basis that there was not evidence presented at trial supporting those paragraphs. The government and probation office opposed defendant's objections to these paragraphs because the facts contained in them were consistent with what was presented at trial. The fact that defendant raised these objections at his sentencing shows that he reviewed the sentencing report. These objections were heard by the court during sentencing. Any objections are now nearly nine years out of time. Defendant provides no legal basis for the court to reconsider these objections. His motion is therefore denied.

## II. Motion for Order

Defendant filed a motion that is actually a letter asking the court to advise him on various issues. Defendant wants to know how to file a second and successive 28 U.S.C. § 2255 motion and how to get transcripts and documents if his attorney does not provide him paper copies. As a preliminary matter, the court construes pro se filings liberally but does not assume the role of advocate. *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009). The court is not positioned to advise defendant how he should proceed with his case. But see generally, Rule 9 of the Rules Governing Section 2255 Proceedings. In any event, defendant is advancing his interests by imitating an appeal to the Tenth Circuit and filing documents titled "Motion to Obtain a COA on Denied Rule 60(b) Motion" (Doc. 647) and "Addendum to Motion to Obtain a COA on Denied Rule 60(b) Motion." (Doc. 652).

Regarding documents, transcripts are not provided by the government unless the court "certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal." 28 U.S.C. § 753. The court cannot provide such a certification in this case. Defendant's motion is denied.

### III. Supplement to Motion to Vacate

Finally, defendant filed a document titled "Addendum to Motion for Reconsideration of Denied Motion to Vacate Judgment (Doc #'s 635, 636, & 643)." (Doc. 651). There is no motion for reconsideration on file. The court construes this filing as an untimely supplement to defendant's Motion to Vacate Judgment (Doc. 635); Motion to Vacate Judgment (Doc. 636); and Amended Motion to Vacate (Doc. 643), which the court denied in its Memorandum and Order on March 30, 2018 (Doc. 644). It is therefore denied as untimely.

**IT IS THEREFORE ORDERED** that defendant's Motion to Amend/Correct Presentence Report (Doc. 645) is denied.

**IT IS FURTHER ORDERED** that defendant's Motion for Order (Doc. 646) is denied.

**IT IS FURTHER ORDERED** that defendant's Supplement to Motion to Vacate (Doc. 651) is denied as untimely.

Dated May 1, 2018, at Kansas City, Kansas.

> s/ Carlos Murguia
> **CARLOS MURGUIA**
> **United States District Judge**