**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

    **v.**                                                                                   Case No. 06-20047-03

**TERRY J. MCINTYRE, JR.,**

    **Defendant.**

**MEMORANDUM & ORDER**

This matter comes before the court upon petitioner Terry J. McIntyre, Jr.'s Motion to Obtain a COA on Denied Rule 60(b) Motion (Doc. 658). The court liberally construes this filing to seek a certificate of appealability, which petitioner must obtain to appeal this court's denial of his motion to vacate an earlier denial of his 28 U.S.C. § 2255 motion. 28 U.S.C. § 2253(c)(1). The Tenth Circuit requires petitioners to seek a certificate of appealability in cases where the district court denies a Fed. R. Civ. P. 60(b) motion in a habeas case. *Spitznas v. Boone*, 464 F.3d 1213, 1217–18 (10th Cir. 2006). This is because the purpose of requiring certificates of appealability "is to prevent frivolous cases from clogging appellate dockets and to promote finality." *Id.* at 1218 (quoting *United States v. Vargas*, 393 F.3d 172, 175 (D.C. Cir. 2004) (citing *Barefoot v. Estelle*, 463 U.S. 880, 892 (1983))). It would not make sense to require a certificate of appealability from a habeas judgment but not from a denial of Rule 60(b) relief from a habeas judgment. *Id.*

To obtain a certificate of appealability, petitioner must make a "substantial showing of the denial of a constitutional right." *United States v. Wicken*, 514 F. App'x 721, 723 (10th Cir. 2013) (quoting 28 U.S.C. § 2253(c)(2)).

> In the habeas context, a petitioner seeking a certificate of appealability to challenge the denial of a true Rule 60(b) motion on procedural grounds must satisfy a two-part test by

showing that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*United States v. Mack*, 502 F. App'x 757, 759 (10th Cir. 2012) (quoting *Spitznas*, 464 F.2d at 1225 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000))).

Reviewing petitioner's motion, the court does not find that he has shown either prong of the *Slack* test. He does not convince the court that reasonable jurists would find it debatable that petitioner's motion makes a valid claim that a constitutional right was denied or that the court's denial of petitioner's Rule 60(b) motion was an abuse of discretion. Petitioner does not address the appropriate legal standard, instead rearguing the issues raised in early motions. Petitioner's motion is therefore denied.

To the extent that petitioner's motion seeks reconsideration of the court's order, it is denied. Petitioner does not provide the court any legal authority or evidentiary argument suggesting that reconsideration of its earlier order is appropriate.

**IT IS THEREFORE ORDERED** that petitioner's Motion to Obtain a COA on Denied Rule 60(b) Motion (Doc. 658) is denied.

Dated May 21, 2018, at Kansas City, Kansas.

              s/ Carlos Murguia
              **CARLOS MURGUIA**
              **United States District Judge**