# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

    **v.**　　　　　　　　　　　　　　　　Case No. 06-20047-03

**TERRY J. MCINTYRE, JR.,**

    **Defendant.**

## MEMORANDUM & ORDER

This matter comes before the court upon petitioner Terry J. McIntyre, Jr.'s Motion for Reconsideration of Being Denied Motion to Correct Presentence Report (Doc. 660); Motion for Reconsideration of Denied Motion to Vacate Judgment (Doc. 661); and Resubmitted Motion for Reconsideration of Denied Motion to Vacate Judgment (Doc. 662). A brief outline of petitioner's recent case history follows:

- March 30, 2018 the court denied petitioner's motion to vacate (Doc. 644)

- April 6, 2018, petitioner filed a motion to amend/correct his presentence report (Doc. 645), to which petitioner filed a supplement on April 26, 2018 (Doc. 650)

- April 12, 2018, petitioner filed a motion regarding documents and transcripts (Doc. 646)

- April 20, 2018, petitioner filed a notice of appeal and related documents regarding the court's March 30, 2018 order (Docs. 647, 648)

- April 26, 2018, petitioner filed a supplement he titled "Addendum to Motion for Reconsideration of Denied Motion to Vacate" referencing Docs. 636, 643, and 635 (Doc. 651)

- April 27, 2018, petitioner filed an amended notice of appeal and related documents (Docs. 652, 653)

- May 1, 2018, the court issued a memorandum and order denying Docs. 645, 646, and 651 (Doc. 654)

- May 21, 2018, the court denied petitioner's motion for certificate of appealability (Doc. 659)

Petitioner's first motion seeks reconsideration of the court's order denying his motion to correct his presentence investigation report. (Doc. 660.) The motion does not provide additional information, authority, or argument that would make reconsideration appropriate. The court does interpret petitioner's filings liberally, but the court cannot act as an advocate for pro se litigants. In any event, the remedy petitioner seeks is not appropriate for the reasons given in this court's initial order denying relief. Petitioner's motion for reconsideration is therefore denied.

Petitioner's Motion for Reconsideration of Denied Motion to Vacate Judgment (Doc. 661), which references Docs. 635, 636, and 643, petitioner's two motions to vacate and amended motion to vacate, restates arguments already raised and considered. The same is true of petitioner's Resubmitted Motion For Reconsideration of Denied Motion to Vacate (Doc. 662), which attaches or "resubmits" a motion that was already filed and denied by the court (Doc. 651). The court has considered these arguments and denied petitioner's certificate of appealability regarding his motion to vacate. (Doc. 659.)

Petitioner's excessive filings regarding issues that have already been considered and resolved by the court leads the court to warn petitioner that additional filings such as these will result in the court imposing filing restrictions.

"The right to access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *United States v. Holly*, 470 F. App'x 705, 709 (10th Cir. 2012) (quoting *Winslow v. Hunter*, 17 F.3d 314, 315 (10th Cir. 1994)). "Federal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions in appropriate circumstances." *Id.* (quoting *Andrews v. Heaton*, 483 F.3d 1070, 1077 (10th Cir. 2007)). "[P]ro se litigants are subject to the same minimum

litigation requirements that bind all litigants and counsel before all federal courts. . . ." *Id.* (quoting *Kyler v. Everson*, 442 F.3d 1251, 1253–54 (10th Cir. 2006)).

If petitioner persists in "resubmitting" briefs already resolved by this court, the court will strike any such repetitive filings from the record. Petitioner has fourteen days from the date of this order to object to these filing restrictions showing good cause why such restrictions should not be enforced. If no objections are timely received, these restrictions will be implemented from fourteen days after this order is filed. If objections are received, and petitioner fails to show good cause why restrictions should not be imposed, such restrictions shall take effect upon filing of the order ruling on any such objections.

**IT IS THEREFORE ORDERED** that petitioner's Motion for Reconsideration of Being Denied Motion to Correct Presentence Report (Doc. 660); Motion for Reconsideration of Denied Motion to Vacate Judgment (Doc. 661); and Resubmitted Motion for Reconsideration of Denied Motion to Vacate Judgment (Doc. 662) are denied.

**IT IS FURTHER ORDERED** that should petitioner object to filing restrictions being imposed, he shall show cause within fourteen days of the entry of this order, why filing restrictions should not be imposed as described above.

Dated May 29, 2018, at Kansas City, Kansas.

>                             s/ Carlos Murguia
>                             **CARLOS MURGUIA**
>                             **United States District Judge**